UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 03-81486-WRS
                                                         Chapter 11
CHARLOTTE TERESA WILLIFORD
KENNETH WILLIFORD,

    Debtors

CHARLOTTE TERESA WILLIFORD
and KENNETH WILLIFORD,

    Plaintiffs                                     Adv. Pro. No. 04-8015-WRS

  v.

KENNETH L. FUNDERBURK, THOMAS
F. WORTHY, and FUNDERBURK, DAY
& LANE PC,

    Defendants

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Defendants' Motion to Sever. (Doc. 30). The Plaintiffs' action, which is one for attorney malpractice, is governed by the Alabama Legal Services Liability Act. Ala. Code. § 6-5-570, et. seq.[1] The Plaintiffs, who are the Debtors in this bankruptcy proceeding, have brought suit against their former lawyers contending that their representation in a civil action styled Emerton v. Williford, in Circuit Court in Chambers County, was negligent. The Defendants seek to sever the underlying action for trial,

---

[1] Kenneth Williford has filed a second adversary proceeding against Defendant Funderburk in Adversary Proceeding 05-8005. The complaint filed in that Adversary Proceeding also alleges malpractice but relates to Funderburk's representation of Kenneth Williford in criminal proceedings which are unrelated to the Emerton suit. Whether these two Adversary Proceedings should be consolidated is a question which the Court will reserve for another day.

separate and apart from the remainder of the malpractice action, citing the provisions of Ala. Code § 6-5-579.  The Plaintiffs oppose the motion.  (Doc. 32).

In an effort to promote clarity, the Court will use the following convention for purposes of referring to the parties and the litigation.  The Plaintiffs in this Adversary Proceeding, who were the Defendants in the Chambers County suit, and who are the Debtors in the related bankruptcy case, will be referred to as the Willifords.  The Defendants in this Adversary Proceeding, the Williford's lawyers in the Chambers County suit, will be referred to as Funderburk.  The Plaintiffs in the suit in Chambers County will be referred to as the Emertons.  The suit in Chambers County will be referred to as the Emerton suit.

## I.  FACTS

The Willifords lost a money judgment to the Emertons in proceedings styled <u>Williford v. Emerton</u>, Case No. CV-00-073, in the Circuit Court for Chambers County.  (The Emerton suit).  That civil action involved an improper repossession of a mobile home.  The Emertons were awarded compensatory damages in the amount of $32,000 and punitive damages in the amount of $350,000.  The Alabama Supreme Court has handed down two opinions in the Emerton suit, ultimately upholding the judgment.  <u>Williford v. Emerton</u>, 2004 WL 596165 (March 26, 2004); and <u>Ex parte Williford</u>, 2004 WL 2757419 (December 3, 2004).  Without detailing the lengthy procedural history of this civil action, it appears that the judgment of the Chambers County Circuit Court is now final.

The Willifords contend that Funderburk and his law firm committed malpractice in their representation in the Emerton suit.  The complaint in this Adversary Proceeding was filed on

2

September 13, 2004. The Court conducted a scheduling conference on January 25, 2005. At that conference, counsel for Funderburk stated that they may be filing a motion to sever, citing the provisions of the Alabama Legal Services Liability Act. As the severance of the underlying action will have an impact on the scheduling of this Adversary Proceeding, the Court is of the view that it should consider this question in the early stages of these proceedings. (Doc. 25).

## II. DISCUSSION

### A. Should the Cause of Action Be Severed

The Alabama Legal Services Liability Act provides that a lawyer who is sued for malpractice may, under certain circumstances, have two trials. Section 6-5-579(a), provides as follows:

> If the liability to damages of a legal services provider is dependent in whole or in part upon the resolution of a [sic] underlying action, the outcome of which is either in doubt or could have been affected by the alleged breach of the legal services provider standards of care, then, in that event, the court shall upon the motion of the legal services provider, order the severance of the underlying action for separate trial.

Two questions must be answered to determine whether a severance should be ordered.

1. Whether the defendant is a legal services provider.

2. Whether the defendants' liability is dependent upon the resolution of another law suit.

Per examination of the submissions made by the parties, it does not appear to be disputed that the Williford's claim against Funderburk arises under the Alabama Legal Services Liability

Act and that Funderburk is a legal services provider within the meaning of the act. See, Ala. Code § 6-5-572(2). Thus, the first question is easily answered.

The second question is likewise easily answered. The Willifords lost a judgment in the amount of $382,000 to the Emertons because, they contend, that Funderburk was negligent. Therefore, Funderburk's liability is dependent upon the resolution of the Emertons' suit in Chambers County. Therefore, this cause of action should be severed.

### B.  What Does Severance Mean in the Context of this Adversary Proceeding

To determine what severance means in the context of this Adversary Proceeding, we should first consider the Williford's cause of action against Funderburk. An action for attorney malpractice consists of four elements: (1) duty; (2) breach; (3) causation; and (4) damages. Independent Stave Co., Inc., v. Bell, Richardson & Sparkman, P.A., 678 So.2d 770, 772 (Ala. 1996). The first element is not likely to be seriously contested. It would appear that Funderburk and his law firm were retained to represent the Willifords in the Emerton suit and therefore owed them a duty to use reasonable care and diligence in their representation of the Willifords. See, Ala. Code § 6-5-580.

The second element is whether that duty of care was breached. In other words, was Funderburk's representation of the Willifords competent. The Willifords allege in their complaint a list of grievances which, if proved, may well satisfy the second element. Funderburk denies that he breached his duty. This is an issue which will need to be tried.

The third element is causation. That is, even if the Willifords prove that Funderburk was negligent in his representation, they must also prove that his negligence was the cause of the

4

damages suffered here. To do this, the Willifords will have to prove that their litigation position in the Emerton suit had merit and that they lost a judgment not because of a lack of merit of their position but rather because of Funderburk's incompetence. To state the proposition differently, even if Funderburk is found to have breached the standard of care required by law, the Willifords may nevertheless lose if their position in the underlying litigation, that is the Emerton suit, is found by this Court to be without merit.

The fourth element is damages. The most immediate damages would appear to be the $382,000 judgment. The Willifords contend that this is only the beginning. They contend that the large money judgment awarded the Emertons resulted in the unraveling of their lives with far more dire consequences. It is not necessary for the Court to make any determination except that the Willifords have alleged that they have suffered damages as a result of Funderburk's negligence.

Considering the motion to sever against the backdrop of the Emerton suit, the meaning of the severance of the underlying action becomes clear enough. It will be necessary to retry the Emerton suit to determine the issue of causation. That is, the Willifords must prove that the Emertons would not have won a judgment had Funderburk properly represented them. Funderburk may argue the position of the Emertons in an effort to show that no matter how bad his representation may have been, the Willifords would not have won in Chambers County in any event.

Whether it is a good idea to require two separate trials in one attorney malpractice suit is a question over which reasonable minds may differ. On the one hand, two trials would appear to nearly double the amount of work for all concerned. On the other hand, a single trial would

appear awkward as it would require Funderburk to argue simultaneously that his representation in the underlying action was competent and that his former clients' position lacked merit. In any event, the Alabama legislature has decided that attorney-defendants such as Funderburk should have this right.

The Willifords argue in their brief that it will be necessary to re-empanel the same jury which heard the Emerton suit in Chambers County. (Doc. 32). The Willifords further argue that it would be improper for this Court to "undo" or retry the Emerton suit. Neither of these contentions have merit. The Willifords appear to misunderstand the procedural posture here. The Emerton judgment will not be affected in any way by this Adversary Proceeding, regardless of how it comes out. To establish the element of causation in this Adversary Proceeding, it will be necessary for the Willifords to prove that they would have prevailed in the Emerton suit, but for the malpractice committed by Funderburk. This kind of proceeding is sometimes referred to as a "case within a case." The Emerton case must be retried here not because it will have any impact upon the judgment rendered in Chambers County, but rather because it is necessary to establish the causation element in this attorney malpractice action.

The Court further observes that there may be a middle ground position here on the question of causation. It may well be that the Emertons should have prevailed in their suit in any event, even if the Willifords had been represented by a legal "dream team." However, the amount of damages awarded by the jury in Chambers County is striking. It may be possible that the magnitude of the damage award, rather than the fact that judgment was entered in favor of the Emertons, may supply the requisite causation. For purposes of the pending motion it is not necessary to speculate further on what may happen at the trials to take place. The Court will

have two trials here, one to retry the Emerton matter, solely to determine the question of causation, and a separate trial on the remaining issues, that is duty, breach and damages. The question as to which trial should take place first will be resolved in the near future.

### C. Certification of Questions

The Willifords request that this Court certify two questions to the Alabama Supreme Court. The first question is "what procedure should a [this] court follow." The second question is whether § 6-5-579(a) changed the burden of proof. While the Willifords cite no authority for their request, it would appear to be governed by Rule 18, Ala. R. App. P. As the first question posed by Williford is purely procedural and not determinative of the cause of action, it does not appear that certification of the first question is appropriate. As for the second question, concerning the burden of proof, it would appear that this question has already been resolved by the Alabama Supreme Court. The Willifords cite Sanders v. Weaver, 583 So.2d 1326, 1330 (Ala. 1991); Herring v. Parkman, 631 So.2d 996 (Ala. 1994) and Morrison v. Franklin, 655 So.2d 964 (Ala. 1995) on pages 12 and 13 of their brief on this very question. (Doc. 33). The Willifords contend that the Alabama Supreme Court incorrectly decided Herring and Parkman. It would not be appropriate to certify a question, pursuant to Rule 18, Ala. R. App. P., to ask the Alabama Supreme Court to reverse itself so that the Willifords will have an easier time of it at trial here. Accordingly, the motion to certify these questions to the Alabama Supreme Court is DENIED.

## D. Whether this Is a Core Proceeding

The parties disagree on whether or not this is a core proceeding. (Docs. 29, 33). The Willifords contend that this is a core proceeding because it is the litigation of a claim and therefore core. Claims against the estate are core proceedings. 11 U.S.C. § 157(b)(2)(B). This Adversary Proceeding is not a claim against the estate, rather this is a claim by a debtor against a non-debtor party, which is not a core proceeding.

The most commonly articulated distinction between core and noncore proceedings is that a core proceeding would not exist but for the filing of the bankruptcy case, whereas a noncore proceeding would exist regardless of the bankruptcy filing. See, In re: Toldeo, 170 F.3d 1340 (11th Cir. 1999); In re: Condra, 212 B.R. 987, 990-91 (Bankr. M.D. Ala. 1997). Clearly, the Willifords' malpractice action against Funderburk is not dependent upon the filing of a bankruptcy case. Rather, the cause of action exists independent of any right or obligation under the Bankruptcy Code. Therefore, this is not a core proceeding.

## E. Whether Funderburk is Entitled to a Jury Trial

Funderburk argues, for the first time, that if severance is made, that he is entitled to a jury trial, at least as to the issue of causation. (Doc. 36, p. 5). The Willifords did not demand a jury trial in their complaint. (Doc. 16). Funderburk raised no less than 42 defenses in his answer, but he did not demand trial by jury. (Doc. 22). Accordingly, Funderburk has waived his right to trial by jury. Rule 9015, Fed. R. Banrk. P.

## III. CONCLUSION

For the reasons set forth above, Funderburk's motion to sever is GRANTED. The Court will sever the retrial of the <u>Emerton</u> suit for the purpose of establishing causation. The remaining issues will be tried separately. The Willifords' motion to certify questions to the Alabama Supreme Court is DENIED. As a final matter, this Court determines that this is not a core proceeding within the meaning of 11 U.S.C. § 157.

Done this 24th day of March, 2005.

/s/ Willliam R. Sawyer
United States Bankruptcy Judge

c: William Robert Murray, Attorney for Plaintiffs
Aldos L. Vance, Attorney for Defendants