# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 03-81486

CHARLOTTE T. WILLIFORD and
KENNETH WILLIFORD,

      Debtors.


CHARLOTTE T. WILLIFORD and                          Adv. Pro. No. 04-8015
KENNETH WILLIFORD,

      Plaintiffs
v.

KENNETH L. FUNDERBURK,
THOMAS F. WORTHY, and
FUNDERBURK, DAY & LANE, P.C.

      Defendants.


## MEMORANDUM DECISION


      This Adversary Proceeding is before the Court upon the Defendants' Motion for

Summary Judgment. (Docs. 63, 64, 72). The Plaintiffs have filed a response supported

by the affidavits of Kenneth Williford, Charlotte Williford, and Plaintiffs' counsel

William R. Murray. (Doc. 70). Subsequent to the filing of the Plaintiffs' Opposition to

Defendants' Joint Motion for Summary Judgment, the Defendants filed a Motion to

Strike Affidavits Submitted in Opposition to Defendants' Summary Judgment. (Doc. 71,

73). The Court heard oral argument on this matter on July 12, 2005. This Memorandum

Decision will address both motions filed by the Defendants. (Docs. 63, 71). The Court

has considered the memoranda and arguments of counsel. For the reasons stated below

the Court finds that both the Defendants' Motion to Strike Affidavits Submitted in

Opposition to Defendants' Summary Judgment and the Defendants' Motion for Summary

Judgment is due to be GRANTED. (Docs. 63, 64, 70, 71, 72, 73).


# I.  BACKGROUND


In a Memorandum Decision on a separate issue in this case, the Court noted that

for purposes of clarity it would use a particular convention in referring to the parties and

the litigation.  (Doc. 38).  The Court will use the same convention in this Memorandum

Decision.  Plaintiffs in this Adversary Proceeding, who were the Defendants in a civil

action, styled <u>Emerton v. Williford</u>, Case No. CV-00-073, in the Circuit Court in

Chambers County, and who are the Debtors in the related bankruptcy case will be

referred to as the Willifords.  The Defendants in this Adversary Proceeding, Kenneth L.

Funderburk, Thomas F. Worthy, and the law firm of Funderburk, Day & Lane P.C., will

be referred to collectively as the Defendants.  The Plaintiffs in the suit in Chambers

County will be referred to as the Emertons and the suit in Chambers County will be

referred to as the Emerton suit.

The Willifords have alleged that the Defendants' representation of them in the

Emerton suit was negligent.  The underlying civil action involved the repossession of a

mobile home in a trailer park owned and operated by the Willifords.  The Emertons sued

the Willifords for conversion, outrage, and breach of contract.  The case was tried by

attorneys Thomas F. Worthy and Susan K. Harmon.  According to the Defendants, the

trial strategy consisted of a defense that relied upon contract documents and testimony by

Mrs. Williford, who was the bookkeeper for the trailer park in which the underlying acts

occurred. At the conclusion of the trial the jury rendered a substantial verdict against the

Willifords totaling $383,000.00 in compensatory and punitive damages. (Doc. 16). The

jury awarded compensatory damages in the amount of $25,000.00 on the breach of

contract claim, and $8,000.00 in compensatory damages as well as $350,000.00 in

punitive damages on the conversion claim. (Doc. 64; Ex. 3). The Court finds that it is

not necessary to review the intricate procedural path that this case has taken up to this

point, however the Court notes that the judgment of the Chambers County Circuit Court

appears to be final.


## II. CONCLUSIONS OF LAW


### A. Introduction


Summary judgment is proper only when there is no genuine issue of any material

fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P.

56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056;

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265

(1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of

Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law.

3

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the

nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct.

2505, 91 L.Ed. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d

1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment,

"the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.

Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.

Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).


### B. The ALSLA and the Requirement of Expert Testimony


Section 6-5-573 of the Alabama Legal Service Liability Act ("ALSLA") provides

that "[t]here shall be only one form and cause of action against legal service providers in

courts in the state of Alabama and it shall be known as the legal service liability

action…" Section 6-5-572(1), ALA. CODE 1975, has defined a legal service liability

action as follows:

> [a]ny action against a legal service provider in which it is alleged that some injury
> or damage was caused in whole or in party by the legal service provider's
> violation of the standard of care applicable to a legal service provider. A legal
> service liability action embraces all claims for injuries or damages or wrongful
> death whether in contract or in tort and whether based on an intentional or
> unintentional act or omission. A legal services liability action embraces any form
> of action in which a litigant may seek legal redress for a wrong or an injury and
> every legal theory of recovery, whether common law or statutory, available to a
> litigant in a court in the State of Alabama now or in the future.

ALA. CODE § 6-5-572(1) (1975). See also Borden v. Clement, 261 B.R. 275, 282 (N.D.

Ala. 2001) (citing Terry Cove North, Inc. v. Marr & Friedlander, P.C., 521 So.2d 22, 23

(Ala. 1988)).  The Willifords have asserted no less than seven claims against the

Defendants: 1) fraud; 2) breach of contract; 3) conspiracy to defraud; 4) conspiracy to

breach contract; 5) violations of fiduciary duties; 6) wantonness; and 7) outrageous

conduct.  (Doc. 1, 16).  These various claims "may not be pursued as separate causes of

action" and the Court will accordingly treat the Willifords' case against the Defendants as

a single legal malpractice action.  Id.

According to long-standing precedent set by the Alabama Supreme Court, the

Willifords are required to present expert testimony in order to pursue their claims against

the Defendants.  See Tonsmeire v. AmSouth Bank, 659 So.2d 601, 605 (Ala. 1995)

(stating that "[e]xpert testimony is required in order to establish deviation from a standard

of care in connection with [an] alleged breach [of an attorney's standard of care]").  In

the context of a motion for summary judgment filed by a defendant legal service

provider, the Court in McDowell v. Burford, 646 So.2d 1327, 1328 (Ala. 1994), stated

the following:

> [w]hen a defendant in a legal malpractice action has moved for summary
> judgment and has properly supported the motion with evidence that makes a
> prima facie showing that the defendant did not act negligently, then, in order to
> defeat the summary judgment motion, the plaintiff must rebut the defendants
> prima facie showing with expert testimony indicating that the defendant lawyer
> did act negligently.

McDowell v. Burford, 646 So.2d 1327, 1328 (Ala. 1994).  This rule has been applied by

the Alabama Supreme Court in numerous cases, both before and after the implementation

of the ALSLA.  See Phillips v. Alonzo, 435 So.2d 1266, 1267 (Ala. 1983); Peoples v.

Nassaney, 638 So.2d 879, 880 (Ala. 1994); Bodana v. Howie, 638 So.2d 749, 750 (Ala.

1992); Moore v. Hornsby, 486 So.2d 1262, 1263 (Ala. 1986); Green v. Ingram, 794

So.2d 1070, 1072 (Ala. 2001); <u>Tidwell v. Waldrop</u>, 554 So.2d 1009, 1010 (Ala. 1989);

<u>Rice v. Hartman, Fawal, & Spina</u>, 582 So.2d 464, 465 (Ala. 1991).

In the present case, the Defendants filed a summary judgment motion which was properly supported by the affidavits of attorney Defendants Kenneth L. Funderburk and Thomas F. Worthy. (Docs. 63, 64). The affidavit of attorney Funderburk states, in relevant part:

> [t]hat based upon my knowledge of the allegations, meetings with the Willifords, involvement with the trial preparation, and post trial proceedings, the legal services rendered by the firm, Tommy Worthy, and myself were reasonable and met the standard of care as prescribed by the Alabama Legal Services Act
>
> ....
>
> I know of no act or omission and particularly, a breach of the Alabama Legal Services Act by the firm, Tommy Worthy, or myself, which caused or contributed to the verdict rendered in favor of Mr. and Mrs. Emerton and against Mr. and Mrs. Williford. The verdict was not the result of any improper legal services provided to Mr. and Mrs. Williford, but rather due to the Willifords' own conduct which the jury found to be improper.

(Doc. 64; Ex. 1). Similarly, the affidavit of attorney Worthy states the following:

> [t]hat I am familiar with the standard of care to be exercised by attorneys in the national legal community in cases similar to the legal services I performed for Mr. and Mrs. Williford. The legal services performed by Kenneth Funderburk, myself, and the firm were reasonable.
>
> ....
>
> I know of no act or omission on my part or by the firm of Funderburk, Lane & Day or Kenneth Funderburk which caused or contributed to the jury's decision to render a verdict in favor of the Emertons. The verdict rather, was due to the Willifords' own conduct which the jury found to be improper.

(Doc. 64; Ex. 2).

Because the Defendants have filed a summary judgment motion properly supported with expert testimony, the Willifords were required to rebut the averments of the Defendants

with expert testimony indicating negligence on the part of the Defendants. As discussed below, the Willifords have failed to meet this requirement.

## C. Striking of Affidavits

In response to the Defendants' motion for summary judgment, the Willifords have submitted an opposition brief, supported by the affidavits of: 1) Kenneth Williford; 2) Charlotte Williford; and 3) William R. Murray. (Doc. 70). As the Willifords are not considered to be experts in this legal malpractice action, their affidavits are insufficient to rebut the Defendants' assertion that the required standard of care was met. The Court now turns to the issue of whether the affidavit of William R. Murray, attorney for the Willifords, should be stricken from the record now before the Court on procedural and substantive grounds. It is clear that without Murray's affidavit, the Willifords would otherwise have not presented any expert testimony asserting negligence on the part of the Defendants and the granting of summary judgment in favor of the Defendants would be appropriate.

The Court finds that Murray's affidavit is due to be stricken from the record on the basis of procedural grounds because he was not identified as an expert pursuant to this Court's Pretrial Order entered on April 21, 2005, requiring among other things that "Plaintiffs shall name their experts not later than May 15, 2005." (Doc. 48).[1] The Willifords complied with that April 21 Order by naming four expert witnesses, two of

---

[1] On April 30, 2005, the Willifords moved for an extension of time in which to name their expert witnesses. (Doc. 50). The Willifords however complied with the Court's April 21 Order by submitting the names of their expert witnesses by May 15, 2005. (Doc. 56). Subsequently the Court, by way of two separate Orders denied as moot the Willifords' motion for extension of time. (Docs. 57, 59).

which the Court notes are Defendants in this Adversary Proceeding: 1) Kenneth L.

Funderburk; 2) Thomas F. Worthy; 3) Susan K. Harmon; and 4) Charles R. Reynolds, Jr.

Murray's affidavit cannot be construed as anything other than an attempt to render expert

testimony as to the Defendants' alleged deviation from the requisite standard of care.

However, Murray was not listed as an expert pursuant to this Court's April 21 Pretrial

Order.  Further, the Court would view any attempt to add Murray to the list of identified

experts as untimely.  For these reasons alone Murray's affidavit should be stricken from

the record.[2]

Even if the Court were to ignore the procedural infirmities previously discussed,

Murray's affidavit is substantively insufficient to rebut the Defendants' assertions that

they were not negligent in their representation of the Willifords.  To further reiterate and

explain this point, the Court finds the case of Celotex Corp. v. Catrett, 477 U.S. 317, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986), to be particularly instructive.  In Celotex, the United

States Supreme Court stated the following:

> [i]n our view, the plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a party who
> fails to make a showing sufficient to establish the existence of an element
> essential to that party's case, and on which that party will bear the burden of proof
> at trial.  In such a situation, there can be 'no genuine issue as to any material fact,'
> since a complete failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

[2]  In further support of their position that Murray's affidavit should be stricken, the Defendants cite to Rule
3.7 of the Alabama Rules of Professional Conduct, implying that Murray may have violated this rule by
filing his affidavit.  (Doc. 71).  The Willifords contend that Rule 3.7 is not applicable in the pretrial setting,
precluding any possibility of a violation.  (Doc. 73).  The Court need not resolve this issue at the present
time, as it finds that Murray's affidavit is both procedurally and substantively deficient based upon other
grounds.

Case 04-08015   Doc 75   Filed 07/21/05   Entered 07/21/05 15:10:25   Desc Main
Document   Page 8 of 12

The Defendants have successfully demonstrated an absence of a genuine issue of material fact by putting forward a properly supported motion for summary judgment. The Willifords now have the burden of demonstrating that there is indeed a genuine issue of fact, thereby precluding entry of summary judgment in favor of the Defendants. However, even drawing all justifiable inferences in favor of the nonmovant, there is a complete failure on the part of the Willifords to produce any such evidence. Phrased in the form of questions, the Willifords in their opposition brief specify no less than seven acts or omissions that they consider to constitute genuine issues of material fact which would preclude entry of summary judgment. Murray in his affidavit regurgitates these same facts:[3]

1) What were the terms and conditions under which Defendant Funderburk was retained by the Willifords? . . .

2) Why were there no settlement discussions in the Emerton litigation? . . .

3) Why was there no serious and strenuous motions made to move the venue of the Emerton trial to a neutral location? . . .

4) Why was a "patently and fatally defective" Motion for Summary Judgment submitted in the Emerton case? . . .

5) When did Defendant Funderburk learn that he was going to be in Florida on the date of the Emerton trial? . . .

6) What were the circumstances surrounding the appearance of attorney Susan Harmon? . . .

7) Why did Defendant Funderburk not conduct any discovery? …

(Doc. 70). Nowhere in Murray's affidavit or in the Willifords' Opposition to Defendants' Joint Motion for Summary Judgment is there an assertion that "but for" the

---

[3] For purposes of clarity and efficiency the Court has narrowed down each of the seven questions posited by the Willifords. (Doc. 70).

alleged acts or omissions of the attorneys, the outcome of the case would have been different. (Doc. 70). No attempt has been made at all by the Willifords to show the causal connection between the acts or omissions asserted and the $383,000.00 judgment rendered in the Emerton suit. The Willifords have not in any way shown that "but for" the absence of attorney Funderburk, the lack of settlement negotiations, the decision not to file a motion to transfer venue, the filing of a "patently and fatally defective" summary judgment motion, the decision not to take the deposition of the Emertons, or the presence of attorney Susan Harmon, the result in the Emerton suit would have been different. There is no question that proximate cause is an essential, in fact indispensable element in the Willifords' case against the Defendant; furthermore the Willifords have the burden of proof as to this element at trial. The Court concludes that the Willifords have completely failed to offer any evidence as to an essential element of their case-proximate causation. Without such a showing the litany of alleged acts and omissions on the part of the Defendants, posited by the Willifords' in their response brief and in the affidavits submitted in support thereof, are necessarily rendered immaterial. Stated another way, the Willifords have failed to present any evidence on the issue of proximate cause and for that reason; they have not met their burden of demonstrating that there is indeed a genuine issue of material fact.[4]

---

[4] The Willifords argue that because they disagree with the "burden of proof" required under the ALSLA with respect to the proximate cause element of a malpractice action, it would have been "self-defeating" for them to make any reference to or make any attempt to meet the "but for" standard in their opposition to the Defendants' motion for summary judgment. (Doc. 73). In support of this point the Willifords cite to this Court's Order Denying Plaintiff's Motion to Vacate entered on April 19, 2005, which noted that the Willifords were free to make whatever argument they believe is proper as to the burden of proof in this Adversary Proceeding. (Doc. 46). The Court does not buy this argument. As addressed in the Court's Memorandum Decision entered on March 24, 2005, the burden of proof has been established multiple times by the Alabama Supreme Court. (Doc. 38); see Mylar v. Wilkinson, 435 So.2d 1237 (Ala. 1986); Hall v. Thomas, 456 So.2d 67 (Ala. 1984); Johnson v. Horne, 500 So.2d 1024 (Ala. 1986); Herring v. Parkman, 631 So.2d 996 (Ala. 1994); Morrison v. Franklin, 655 So.2d 964 (Ala. 1995); Sanders v. Weaver, 583

## III. CONCLUSION

In summary, the Court finds that Murray's affidavit is hereby stricken from the record because he was not identified as an expert pursuant to this Court's April 21 Pretrial Order. Absent this affidavit the Willifords have failed to present any expert testimony rebutting the defendants' properly supported motion for summary judgment. The Court further concludes that even considering Murray's affidavit, along with the response brief filed by the Willifords, there has been a failure to demonstrate a genuine issue of material fact. No causal connection has been shown between any act or omission on the part of the Defendants' and the judgment rendered in the Emerton suit. For the reasons stated above the Defendants' Motion to Strike Affidavits Submitted in Opposition to Defendants' Motion for Summary Judgment is hereby GRANTED. For the same reasons the Defendants'' Motion for Summary Judgment is also hereby GRANTED. (Docs. 63, 64, 70, 71, 72, 73).

Done this 21st day of July, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  William R. Murray,
    Von G. Memory, Attorneys for Plaintiffs
    Aldos L. Vance,
    Robert P. MacKenzie, Attorney for Defendants

---

So.2d 1326, 1330 (Ala. 1991); Pickard v. Turner, 592 So.2d 1016 (Ala. 1992). The choice to continue to assert that a different burden of proof should control in this malpractice action is within the discretion of the Willifords. However, the Court has made clear that it intends to follow the burden of proof repeatedly established by the Alabama Supreme Court.

11

12