UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                              Case No. 03-81486

CHARLOTTE T. WILLIFORD and
KENNETH WILLIFORD,

    Debtors.


CHARLOTTE T. WILLIFORD and                          Adv. Pro. No. 04-8015
KENNETH WILLIFORD,

    Plaintiffs
v.

KENNETH L. FUNDERBURK,
THOMAS F. WORTHY, and
FUNDERBURK, DAY & LANE, P.C.

    Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion of the Willifords ("Appellants") to strike Defendants' ("Appellees") designation of items to be included on appeal filed on August 8, 2005. (Doc. 87). The gravamen of this Adversary Proceeding rests upon a claim of legal malpractice which allegedly occurred in an underlying civil action involving the repossession of a mobile home in a trailer park owned and operated by the Willifords. On July 21, 2005, this Court entered a Memorandum Decision granting both the Defendants' Motion to Strike Affidavits Submitted in Opposition to Defendants' Motion for Summary Judgment and the Defendants' Motion for Summary

Judgment. (Docs. 63, 64, 70, 71, 72, 73, 75, 76). The Plaintiffs filed an appeal[1] to the Court's Order on July 29, 2005. (Doc. 82). In their motion to strike the Defendants' designation of items to be included on appeal, the Willifords[2] base their objection on the fact that the Defendants are designating nearly all of the documents in the clerk's record[3], with the exception of a few documents that were excluded. (Docs. 83, 85). The Willifords contend that the Defendants' list constitutes an "excessive designation" in violation of Bankruptcy Rule 8006. The Defendants have not filed a response to the Willifords' motion. (Doc. 87). For the reasons set forth below, the Court finds that the Willifords' motion to strike the Defendants' designation of items to be included on appeal is due to be DENIED.

## DISCUSSION

### I. JURISDICTION TO HEAR THE MOTION

Before addressing the merits of the Willifords' motion, the Court must first deal with the question of whether the Court retains jurisdiction to resolve such a motion in

---

[1] In its Memorandum Decision dated July 21, 2005, the Court found: 1) the Plaintiffs failed to rebut the averments of the Defendants with expert testimony indicating negligence on the part of the Defendants; 2) the affidavit of Plaintiffs' attorney William R. Murray was substantively and procedurally deficient; and 3) the Plaintiffs failed to produce any evidence with respect to the element of proximate causation in their legal malpractice claim. (Doc. 75).

[2] The Willifords have designated a total of eleven (11) documents that were filed in Adversary Proceeding 04-8015. These documents included 16, 22, 48, 63, 64, 70, 71, 72, 73, 75, 76. (Doc. 83).

[3] For purposes of designating additional items the Defendants have listed most of the documents in the clerk's record with the exception of documents 16, 17, 19, 22, 48, 51, 54, 63, 70, and 76. (Doc. 85). The Defendants have also designated a transcript of a hearing on the motion for summary judgment which took place on July 12, 2005. (Doc. 85).

light of the filing of the notice of appeal. Generally, the timely filing of a notice of appeal divests the bankruptcy judge of authority to take further action on the matter appealed. Brandt v. Carlson (In re Carlson), 247 B.R. 754, 756 (Bankr. N.D. Ill. 2000)(citation omitted). However, it has been repeatedly held that the bankruptcy judge does retain limited jurisdiction to take actions in aid of the appeal process. See NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Dep't Stores, Inc., 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005)(noting that the docketing of the appeal in the district court does not divest the bankruptcy court of jurisdiction to determine the contents of the record on the appeal)(citing WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.), 142 B.R. 534, 535-36 (Bankr. N.D. Ga. 1992); Metro North State Bank v. The Barrick Group, Inc., (In re The Barrick Group, Inc.), 100 B.R. 152, 154 (Bankr. D. Conn. 1989); Food Distribution Center v. Food Fair, Inc., (In re Food Fair, Inc.), 15 B.R. 569, 571-72 (Bankr. S.D.N.Y. 1981)); see also In re Carlson, 247 B.R. 754, 756 (noting that "[q]uestions concerning what items should be included in the designation of record can be resolved in aid of the appeals process"); Schwinn Plan Comm. v. AFS Cycle & Co. (In re Schwinn Bicycle Co.), 204 B.R. 13, 16 (Bankr. N.D. Ill. 1997). Upon review of the relevant case law on this issue, the Court holds that it has jurisdiction to decide the Willifords' motion because determining what items should constitute the record on appeal is an action taken in aid of the appeal process and furthermore this Court is in the best position to decide exactly what was considered in rendering its decision on the matter appealed. In re Ames Dep't Stores, Inc., 320 B.R. 518, 520-21.

## II. MERITS OF THE MOTION

Turning to the merits of the Willifords' motion, the appropriate question to consider is "whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." Id. at 522. The record on appeal should consist of all evidence and documents that were considered by the bankruptcy court in rendering its decision. In re The Barrick Group, Inc., 100 B.R. 152, 154; In re Food Fair, Inc., 15 B.R. 569, 571 (interpreting Bankruptcy Rule 806, which is the predecessor to Bankruptcy Rule 8006) (citations omitted). It can be drawn from this basic rule that any item that played any part in the considerations of the Court, in reaching its decision, should be included in the record on appeal. Bankruptcy Rule 8006 is to be construed liberally in order to provide the reviewing court with a complete picture of what happened below. In re T. Michaelis Corvette Supplies, Inc., 14 B.R. 356, 367 (Bankr. N.D. Ohio 1981) (holding that "[t]he record on appeal … should contain the documentation necessary to afford the reviewing court a complete understanding of the case").

Here, the Willifords contend that the Defendants' designation constitutes an "excessive designation" in violation of Bankruptcy Rule 8006[4]. The Willifords further

---

[4] Bankruptcy Rule 8006 provides as follows:

Within 10 days after filing the notice appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within 10 days of service of the cross appellant's statement, file and serve on the cross

argue that many of the documents selected for designation by the Defendants are wholly irrelevant and immaterial. The Court disagrees with the Willifords' assessment of the Defendants' designation of documents.

Bankruptcy Rule 8006 is silent on the issue of "excessive designation." The Court recognizes that there is authority for the proposition that Bankruptcy Rule 8006 should be interpreted as precluding an appellant from adding extraneous matter to the record on appeal. See In re W.T. Grant Co., 6 B.R. 762, 771 (Bankr. S.D.N.Y. 1980)(interpreting Bankruptcy Rule 806); Saco Local Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.), 13 B.R. 226, 228 (Bankr. D. Me. 1981)(interpreting Bankruptcy Rule 806). It should be noted that in this case, it is the Appellee-Plaintiffs who have designated *additional* items as permitted by Bankruptcy Rule 8006 and it is the Appellant-Defendants who are moving to exclude items from the record. Furthermore, the Court does not find the designation of the Defendants to be excessive. The documents sought to be designated by the Defendants do indeed constitute nearly the entire record, however the Court finds that in the spirit of liberality in which Bankruptcy Rule 8006 is to be interpreted, the inclusion of the Defendants' designation would provide the reviewing court with the most complete understanding of this case. In re T. Michaelis Corvette Supplies, Inc., 14 B.R. 356, 367 (stating that "a reviewing court can have documentation of decisions before it which, although not

---

appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a party thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

5

subject to review, are necessary to a complete understanding of the case"); cf. In re Tobago Bay Trading Co., 142 B.R. 534, 536 (items objected to were not legally relevant to court's disposition of summary judgment motion because documents related to a settlement concerning other property negotiated between the parties). Moreover, the Court notes that in deciding the motion for summary judgment that is now on appeal, the Court considered nearly every document that was filed by the parties. This is primarily because the Court's ruling on the motion for summary judgment disposed of the entire case, as opposed to discrete issues, and thus it was necessary for the Court in rendering its decision to consider the entire record before it.

A review of the case law in this area leads to the necessary conclusion that documents not presented to the court by the parties, nor considered by the court in rendering its decision, should be excluded. In re Tobago Bay Trading Co., 142 B.R. 534, 536 (items objected to were not presented to the court by parties, nor considered by the court in rendering its decision); Saco Local Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.), 13 B.R. 226, 229 (a brief filed with the Clerk of the Appellate Panel could not be apart of the record on appeal because it was never presented to the deciding court); In re Ames Dep't Stores, Inc., 320 B.R. 518, 521 (items to be stricken were never filed with the Court, and the Court never saw or considered any of them); In re The Barrick Group, Inc., 100 B.R. 152, 153 (the items not included in the record consisted of two unsigned, undated, and undocketed proposed orders, and two unsigned and undated proposed counterorders). The case here is distinguishable because the items designated by the Defendants have been presented, docketed, and considered by this Court in rendering its decision.

## CONCLUSION

Finally, because including the documents designated by the Defendants would aid the reviewing court in its understanding of the case by adding context and background, the Willifords' motion to strike the Defendants' designation of items to be included in the record on appeal is DENIED. The Court will enter an Order by way of a separate document.

Done this 31st day of August, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: William R. Murray,
Von G. Memory, Attorneys for Plaintiffs
Aldos L. Vance,
Robert P. MacKenzie, Attorneys for Defendants