FILED
MAY 21 2007
BANKRUPTCY COURT
MONTGOMERY, ALABAMA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2007
THOMAS K. KAHN
CLERK

No. 06-15119
Non-Argument Calendar

D. C. Docket No. 05-00857-CV-T
BKCY No. 03-81486-BK

IN RE: CHARLOTTE TERESA WILLIFORD,
KENNETH WILLIFORD,

Debtors.

CHARLOTTE TERESA WILLIFORD,
KENNETH WILLIFORD,

Plaintiffs-Appellants,

versus

KENNETH L. FUNDERBURK, ESQ.,
THOMAS F. WORTHY, ESQ.,
FUNDERBURK, DAY & LANE, P.C.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(March 13, 2007)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellants, Charlotte and Kenneth Williford, appeal the district court's order affirming the bankruptcy court's memorandum decision granting summary judgment to Appellees, Kenneth Funderburk, Thomas Worthy, and Funderburk, Day & Lane, P.C., in Appellants' adversary proceeding alleging that Appellees' representation in a civil action violated the Alabama Legal Services Liability Act.

Initially, we must determine the bankruptcy court's jurisdiction to enter a final order granting summary judgment. Both parties agree the adversary proceeding was a non-core proceeding. The bankruptcy court heard the adversary proceeding and issued a memorandum decision granting summary judgment to Appellees. The district court affirmed in a short opinion, stating "[a]fter a de novo review of the record, this court fully agrees with the careful and thoughtful decision of the bankruptcy court."

A bankruptcy judge has jurisdiction to hear a non-core adversary proceeding and enter a report and recommendation. 28 U.S.C. § 157(c)(1). For a bankruptcy judge to enter the final order in a non-core adversary proceeding, however, the parties must consent and the district court must refer the case to the bankruptcy court. 28 U.S.C. § 157(c)(2). In this case, the parties did not consent to the

district judge referring the case to the bankruptcy judge for final determination, and the district judge made no such referral. Thus, the bankruptcy court should have entered a report and recommendation recommending the district court grant summary judgment in favor of Appellees rather than an order granting summary judgment to Appellees. Because the district court reviewed the bankruptcy court's order de novo as required by 28 U.S.C. § 157(c)(1), however, we treat the bankruptcy court's memorandum decision as a report and recommendation, and the district court's order affirming the bankruptcy court as the final order adopting the bankruptcy court's report and recommendation.

As to the substance of the claim, we agree with the district court that the Appellants failed to state a claim under the Alabama Legal Services Liability Act. Thus, we affirm for the reasons stated in the bankruptcy judge's well-reasoned memorandum decision (construed as a report and recommendation) of July 21, 2005.

**AFFIRMED.**

Hon. William R. Sawyer
Chief U.S. Bankruptcy Judge
1 CHURCH ST RM D-401
MONTGOMERY AL 36104-4018

May 21, 2007

**Appeal Number: 06-15119-HH**
Case Style: Charlotte Teresa Williford v. Kenneth Funderburk
District Court Number: 05-00857 CV-T

TO: Debra P. Hackett

CC: William R. Murray

CC: Aldos L. Vance

CC: Robert Preston MacKenzie, III

CC: Hon. William R. Sawyer

CC: Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 21, 2007

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 06-15119-HH**
Case Style: Charlotte Teresa Williford v. Kenneth Funderburk
District Court Number: 05-00857 CV-T
SECONDARY CASE NO: 03-81486-BK

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: three folders
    Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

| No. 06-15119 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT |
|---|---|
| District Court Docket No.<br>05-00857-CV-T | Mar 13, 2007<br>THOMAS K. KAHN<br>CLERK |

IN RE: CHARLOTTE TERESA WILLIFORD,
KENNETH WILLIFORD,

        Debtors.

---

CHARLOTTE TERESA WILLIFORD,
KENNETH WILLIFORD,

        Plaintiffs-Appellants,

versus

KENNETH L. FUNDERBURK, ESQ.,
THOMAS F. WORTHY, ESQ.,
FUNDERBURK, DAY & LANE, P.C.,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

        Entered: March 13, 2007
        For the Court: Thomas K. Kahn, Clerk
        By: Gilman, Nancy

ISSUED AS MANDATE
MAY 2 1 2007
U.S. COURT OF APPEALS
ATLANTA, GA.